```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
SHI DONG PING.
                                              AMENDED
                    Petitioner,               MEMORANDUM & ORDER
                                              08-CV-5295 (JS)
        -against-

UNITED STATES OF AMERICA,

                    Respondent.
----------------------------------x
APPEARANCES:
For Petitioner:     Shi Dong Ping, Pro Se
                    50259-053
                    Allenwood
                    U.S. Penitentiary
                    Inmate Mail/Parcels
                    P.O. Box 3000
                    White Deer, PA 17887

For Respondents:    Alexis Collins, Esq.
                    U.S. Attorney's Office
                    271 Cadman Plaza East
                    Brooklyn, NY 11201
```

SEYBERT, District Judge:

On June 3, 2008, Petitioner Shi Dong Ping filed an Application for leave to file a second or successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Petitioner filed a Motion to modify the terms of imprisonment pursuant to 18 U.S.C. § 3582 on November 30, 2009. On April 15, 2010, Petitioner moved to file a supplemental argument. For the following reasons, Petitioner's application to supplement his Petition is GRANTED, but his motion to modify the terms of his imprisonment is DENIED.

## BACKGROUND

On May 31, 1995, Petitioner was indicted by a federal grand jury, charging him with five counts related to a series of kidnappings that took place within the Eastern District of New York. The counts included violations of 18 U.S. §§ 371, 1203(A), 1203(2) for conspiracy to seize and detain and intentionally seizing and detaining individuals in order to compel third persons to pay sums of money as an explicit or implicit condition for the release of persons detained. (Consolidated Mem. of Law in Opp'n to Pet. to Vacate Sentence ("Mem. in Opp'n") 3-4.) Petitioner's motion to suppress witness identifications of him based on photograph and voice exemplar arrays was denied after a hearing. (June 21, 1995 Suppression Hrg. Tr. 123-25.) At trial, the government called 24 witnesses, including Petitioner's co-conspirator and three victims. (Tr. 682-896, 292-329, 437-66, 896-949.) Petitioner did not testify and rested without calling any witnesses. (Tr. 1085-86.) The jury found Petitioner guilty of all charges after one day of deliberations. (Tr. 1266.) On April 4, 1996, the Court held Petitioner's sentencing hearing, applying a four-level enhancement for Petitioner's leadership role in the conspiracy pursuant to U.S.S.G. § 3B1.1(a) and sentenced him to life imprisonment on counts one through five. (Apr. 4, 1996 Hrg. 46, 50.)

Petitioner then filed a petition to correct his sentence pursuant to 28 U.S.C. § 2255 on April 15, 1996. (94-CR-981, Docket Entry 93.) This motion was dismissed based on lack of final judgment on July 19, 1996. (Mem. in Opp'n 15.) Petitioner filed a second notice of appeal in the Second Circuit after the government moved to correct the life sentence for count one because it was subject to a five-year statutory maximum sentence. (Mem. in Opp'n 14-15.) The Second Circuit vacated the sentence as to Count One as it exceeded the statutory maximum and remanded for correction of the sentence. United States v. Yong, 113 F. 3d 1230, 1997 WL 265253, at *4 (2d Cir. May 20, 1997). However, the Second Circuit found that there was enough evidence at trial to justify the application of the sentencing enhancement for Ping's leadership role and upheld the rest of his sentence. Id. at *3.

On February 18, 2005, the Court entered an amended judgment with regard to count one. The Court sentenced the Petitioner to a term of 60 months to run concurrently to his other life terms imposed for counts two through five. (Feb. 18, 2005 Resentencing Hrg. Tr. 6.) Petitioner then filed a pro se motion seeking to reinstate his first direct appeal and the Second Circuit denied this motion on October 22, 2007. (Mem. in Opp'n 16.)

3

On June 3, 2008, Petitioner filed the instant second or successive petition to vacate his sentence pursuant to 28 U.S.C. § 2255. (Application for Leave to File a Second or Successive Mot. to Vacate, Set Aside or Correct Sentence ("Pet'rs § 2255 Mot.") 1.) In the Motion, Petitioner claimed he received ineffective assistance of counsel in violation of his rights under the Fifth and Sixth Amendments. (Pet'rs § 2255 Mot. 5.) Petitioner also contends he was denied his right to testify in violation of the Fifth and Sixth Amendments. (Pet'rs § 2255 Mot. 5.) On November 30, 2009, Ping filed a Motion to modify the terms of his imprisonment pursuant to 18 U.S.C. § 3582. (Mot. to Modify the Terms of Imprisonment ("Pet'rs § 3582 Mot.") 1.) Petitioner also filed a letter on November 30, 2009, requesting that the Motion to modify the terms of imprisonment be consolidated with his Motion pursuant to 28 U.S.C. § 2255. (Letter to Clerk, Docket Entry No. 12.)

DISCUSSION

I. Petitioner's § 2255 Motion To Vacate

Under § 2255(a) of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a prisoner may claim the right to be released upon the ground that the sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a) (2008). The court that imposed the sentence

can vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

According to 28 U.S.C. § 2255(f), a one-year period of limitation applies to motions under this section. The year starts from the date on which the judgment of conviction becomes final.[1] 28 U.S.C. § 2255(f)(1). The Second Circuit has held that, for the purposes of deciding § 2255 motions, the judgment becomes final when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). The Second Circuit also decided that the provision in § 2255 is a statute of limitations and not a jurisdictional bar; courts can equitably toll the period. Smith v. McGinnis, 208 F. 3d 13, 17 (2d Cir. 2000). In order to equitably toll the one-year statute of limitations, however, the petitioner must show that extraordinary circumstances prevented him or her from filing a timely motion. Id. Moreover, the party seeking equitable tolling must have acted with reasonable diligence throughout the

---

[1] This section also allows for motions within one year from the date in which "the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." 28 U.S.C. § 2255(f)(2). It also allows motions within one year from the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Finally, the section allows motions within one year from the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). However, none of these situations apply in the Petitioner's case.

5

period he seeks to toll. Id. (citing Johnson v. Nyack Hosp., 86 F. 3d 8, 12 (2d Cir. 1996)).

In Diaz v. Kelly, the Second Circuit found that language deficiency could be considered an extraordinary circumstance that could prevent a petitioner from filing a timely motion. 515 F.3d 149 (2d Cir. 2008). The proper inquiry is to ask whether the deficiency is a severe obstacle for the prisoner endeavoring to comply with AEDPA's limitations. See id. at 154. Deficiency in the English language does not automatically allow for equitable tolling for the time limit on § 2255 motions. Id. Petitioners have the obligation to make all reasonable efforts to obtain assistance to mitigate language deficiency. Id.

Here, Petitioner's Motion is not within the one-year statute of limitations imposed by § 2255. His final sentencing hearing was on February 18, 2005. At this sentencing hearing, the Court made it clear to the Petitioner that he would be able to file another § 2255 motion. The transcript from that hearing reads,

> The Defendant: "I'm so confused. About the 2255, can I redo the 2255 appeal again?"
>
> The Court: "Yes. The 2255 was dismissed because it was premature. You hadn't gotten the final judgment. I don't see anything that would stop you from doing that."

(Feb. 18, 2005 Resentencing Hrg. Tr. 13-19.)  Petitioner failed to file his § 2255 motion until June 3, 2008.  This date is over three years from the date of the final judgment.

Petitioner claims that he presented rare and exceptional circumstances that warrant equitable tolling of the statute of limitation.  (Pet'rs Traverse 1.)  He claims his lack of proficiency in the English language qualifies as an extraordinary circumstance and that he has been pursuing his rights diligently.  He also claims that he has to depend on "jailhouse lawyers" who themselves struggle to understand his limited English.  (Id. 2.)  In other words, Petitioner argues that the lack of programs within the Bureau of Prisons to assist inmates with language barriers amounts to a rare and exceptional circumstance justifying equitable tolling.  (Id.)

While deficiency in the English language can be an extraordinary circumstance, Petitioner fails to demonstrate that he acted with reasonable diligence in the period he seeks to toll and that he made all reasonable efforts to mitigate his language deficiency.  Petitioner merely claims the lack of personnel within the prison caused the untimely filing of the § 2255 Motion.  In Diaz, the court held that simply stating there is an unavailability of personnel who could translate does not qualify as an extraordinary circumstance that warrants equitable tolling.  515 F.3d at 154.  Similarly, Petitioner's

7

argument about the lack of personnel in the prison does not qualify him for equitable tolling.

To further attempt to prove extraordinary circumstance that allows for equitable tolling of the statute of limitations, Petitioner attached two declarations to his Motion. One declaration is from Craig Northington, a fellow inmate and "jailhouse lawyer." (Decl. of Craig Bryan Northington, Docket Entry 1.) The other declaration is from Xiang Chen, a fellow inmate who assisted in translating for the Petitioner. (Decl. of Xiang Chen, Docket Entry 1.) Xiang Chen states that he first contacted the "jailhouse lawyer" on behalf of the Petitioner on or about April 15, 2008. (Decl. of Xiang Chen, 2.) The jailhouse lawyer confirms that it was on or about April 15, 2008 that the translator contacted him regarding Petitioner's case. (Decl. of Craig Bryan Northington, 3.) This date is nearly three years after his resentencing hearing, when the Court informed him he could file another § 2255 motion. In the nearly three years following his resentencing hearing, Petitioner does not show that he made any reasonable efforts to overcome his language deficiency to seek assistance in filing a timely § 2255 motion. Similar to the Petitioner in Diaz, Petitioner has not alleged efforts that would satisfy the diligence requirement of equitable tolling.

II. Petitioner's Motion To Modify The Terms Of Sentence Under 18 U.S.C. § 3582(c)

A federal district court may modify a term of imprisonment once it had been imposed, "to the extent otherwise expressly permitted by statute . . . ." 18 U.S.C. § 3582(c)(1)(B) (2002). Petitioner cites a number of statutes that he contends expressly permit the Court to modify the terms of his sentence.

 A. 18 U.S.C. § 3742

Petitioner first relies on 18 U.S.C. § 3742 (2003) as a statute that allows for modification of the term of imprisonment under 28 U.S.C. § 3582(c)(1)(B). (Pet'rs § 3582 Mot. 2.) Section 3742 allows a defendant to file a notice of appeal in district court for review of an otherwise final sentence if the sentence:

> 1) was imposed in violation of law;
>
> 2) was imposed as a result of an incorrect application of the sentencing guidelines;
>
> 3) is greater than the sentence specified in the applicable guideline range . . .; or
>
> 4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a). According to United States v. Auman, 18 U.S.C. § 3742 does not allow for district courts to review a final sentence. 8 F.3d 1268, 1271 (8th Cir. 1993); see also

Jones v. United States, 214 F. Supp. 2d 780, 783 (E.D. Mich. 2002) ("[t]his section concerns only the notice that a defendant gives to the district court. It does not create a duty or obligation in the district court. It does not authorize the district court to act on a defendant's motion."). Section 3742, therefore, is not a statute that expressly permits modification of a prison sentence under 18 U.S.C. § 3582(c). Thus, Petitioner incorrectly relied on this statute when filing his Motion under 18 U.S.C. § 3582.

However, in response to the Respondent's Memorandum of Law, Petitioner also relies on three other statutes, 28 U.S.C. §§ 1651(a), 2243, and § 2255(b)[2], as expressly permitting modification of sentences under 18 U.S.C. § 3582(c). (Pet'rs Traverse Mot. 4.)

B.  28 U.S.C. § 2255

Petitioner relies on 28 U.S.C. § 2255 as expressly allowing for a modification of the terms of a sentence, if the sentence violates the Constitution or the laws of the United States. 28 U.S.C. § 2255. As previously discussed, 28 U.S.C. § 2255 requires that motions be filed within one year of the conviction becoming final. 28 U.S.C. § 2255(f). Petitioner

---

[2] Here, Petitioner cannot rely on § 2255 as allowing for modification because, as discussed supra, the statute of limitation has passed and equitable tolling is inappropriate.

10

cannot therefore rely on § 2255 as expressly allowing the Court to modify his sentence under his 18 U.S.C. § 3582(c)(1)(B).

   C.   28 U.S.C. § 1651(a)

Petitioner relies on 28 U.S.C. § 1651(a) (1949), also known as the All Writs Act, as expressly permitting modification of his sentence under 18 U.S.C. § 3582 (c)(1)(B). The All Writs Act states, "all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Supreme Court decided that the All Writs Act is a "residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43, 106 S. Ct. 355, 88 L. Ed. 2d 189 (1985). In the instant case, Petitioner is moving for modification of his prison sentence based on perceived constitutional violations. But 28 U.S.C. § 2255 is a statute that specifically deals with the issue of modification of prison sentences in cases such as this. The All Writs Act does not apply because there is already a statute that is controlling in this case. Therefore, Petitioner cannot rely on the All Writs Act as a

statute that expressly provides authority for sentence modification under 18 U.S.C. § 3582 (c)(1)(B).

    D.   <u>28 U.S.C. § 2243</u>

Petitioner finally relies on 28 U.S.C. § 2243 for modification of his prison sentence. Section 2243 states that

> a court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243. The statute further outlines the procedure by which the respondent or petitioner can respond or show cause after the writ or order to show cause is issued. 28 U.S.C. § 2243. The statute also outlines the timing of hearings in a habeas proceeding. 28 U.S.C. § 2243.

Petitioner mistakenly relies on this statute as expressly providing authority for modification of a sentence, under 18 U.S.C. § 3582(c)(1)(B). But courts have held that 28 U.S.C. § 2243 merely governs the issue of timing and delay in habeas corpus proceedings filed under 28 U.S.C. § 2255. <u>See</u> <u>McClellan v. Young</u>, 421 F.2d 690, 691 (6th Cir. 1970) ("28 U.S.C. § 2243 imposes a specific duty on the court to summarily hear and dispose of habeas corpus petitions"); <u>See also</u> <u>Yong v. I.N.S.</u>, 208 F.3d 1116, 1120 (9th Cir. 2000); <u>Rini v. Katzenbach</u>,

403 F.2d 697, 701-02 (7th Cir. 1968). This section does not expressly give the Court the ability to modify the sentence; it only establishes the procedure for timely hearings on petitions for habeas corpus. Petitioner cannot, therefore, rely on this statute for his Motion to modify the terms of his imprisonment under 18 U.S.C. § 3582 (c)(1)(B).

## CONCLUSION

For the foregoing reasons, Petitioner's (1) Motion to supplement his Petition is GRANTED, and (2) Application for leave to file a second or successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is DENIED. Additionally, Petitioner's motion to modify the terms of imprisonment under 18 U.S.C. § 3582(c)(1)(B) is DENIED. Finally, pursuant to Fed. R. App. Pro. 22(b) and 28 U.S.C. Section 2253(c)(2), a certificate of appealability is DENIED, as Petitioner has not made a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 332, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August 13, 2010
Central Islip, New York